SUTHERLAND, Alien Property Custodian, et al. v. NORRIS et al.

Circuit Court of Appeals, Third Circuit.
February 11, 1928.

No. 3722.

1. War ⊜12—Right of action against Alien Property Custodian for services rendered alien enemy held dependent on statute submitting government to suit.

Complaint to recover from Alien Property Custodian for services rendered alien enemy, whose property Custodian seized, was in effect suit against United States, and right of action was dependent on existence of statute by which government submitted itself to suit.

2. War ⊜12—Alleged statutory right of action against Alien Property Custodian for services rendered alien enemy after October 6, 1917, held withdrawn (Trading with Enemy Act, § 9, as amended June 5, 1920 [Comp. St. § 3115½e]).

If attorney rendering legal services to alien enemy had statutory right of action against Alien Property Custodian, seizing his client's property, such privilege was withdrawn by Trading with the Enemy Act, § 9, as amended June 5, 1920 (Comp. St. § 3115½e), where debt

claimed was not owed prior to October 6, 1917, as act required; statutory privilege to sue being subject to withdrawal by government at any time.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Dickinson, Judge.

Action by Thomas J. Norris and D. Clarence Gibboney, Jr., administrators of the estate of D. Clarence Gibboney, deceased, against Howard Sutherland, as Alien Property Custodian, and others. From a judgment for plaintiffs (19 F.[2d] 232), defendants Sutherland and White appeal. Reversed and remanded, with instructions.

George W. Coles, U. S. Atty., of Philadelphia, Pa., and Dean Hill Stanley, Sp. Asst. U. S. Atty., of Washington, D. C., for appellants.

Grover C. Ladner (of Ladner & Ladner), of Philadelphia, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In this case it appears that D. Clarence Gibboney, a member of the bar, had between January 26, 1920, and May 28, 1920, rendered legal services to Grover C. Bergdoll. On May 27, 1921, the property of Bergdoll was seized, and its proceeds are still held by the Alien Property Custodian. Mr. Gibboney having died, his administrator, on December 29, 1921, brought suit in the court below against the Alien Property Custodian to recover for said services. By stipulation a jury was waived and the case tried by a judge, who entered judgment in favor of the plaintiff. Thereupon the Custodian brought the cause to this court for review, and the question here involved is whether the plaintiff had a right of action.

[1] The case being in effect one against the United States, such right of action depends on whether the government has by statute submitted itself to suit, for, as said by this court in Kogler v. Miller, 288 F. 808, "until Congress had so acted, a person having an interest in property seized, or having a claim against the owner of property seized had no right to assert it against the property in the hands of the Alien Property Custodian, or against the proceeds of its sale in the hands of the Treasurer of the United States."

[2] In conferring a right to bring suits such as are here involved, it is provided by section 9 of the Trading with the Enemy Act, as amended June 5, 1920 (Comp. St. §

3115½e): "Nor in any event shall a debt be allowed under this section unless it was owing to and owned by the claimant prior to October 6, 1917." Assuming for present purposes that Mr. Gibboney had a statutory right of action before June 5, 1920, yet such privilege to sue was subject to the government at any time withdrawing it, and the broad language "nor in any event," used in the amendment of June 5, 1920, makes it clear that such privilege was then withdrawn, because Mr. Gibboney's debt was not one "owing or owned by the claimant prior to October 6, 1917." Such being the fact, it follows that Mr. Gibboney's administrator had no right to bring this suit when he did so, on December 9, 1921.

It follows, therefore, the court below erred in entertaining jurisdiction and entering judgment in his favor. Accordingly its judgment is reversed, and the cause remanded, with instructions to dismiss the suit for want of jurisdiction.